UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kerry Simpson,                                        Case No.  3:18-cv-2723

              Petitioner,

       v.                                             MEMORANDUM OPINION
                                                        AND ORDER

Neil Turner,

              Respondent.

## I.  INTRODUCTION

Petitioner Kerry Simpson, proceeding *pro se*, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, concerning his conviction in the Lucas County, Ohio Court of Common Pleas on charges of rape and compelling prostitution.  (Doc. No. 1).  Magistrate Judge Thomas M. Parker reviewed the petition as well as the related briefing pursuant to Local Rule 72.2(b)(2) and recommends Simpson's first, second, third, and fifth grounds for relief be dismissed as procedurally defaulted and that his fourth ground for relief be denied as meritless.  (Doc. No. 12).  Simpson filed objections to Judge Parker's Report and Recommendation.  (Doc. No. 14).  For the reasons stated below, I overrule Simpson's objections and adopt Judge Parker's Report and Recommendation.

## II.  BACKGROUND

On July 12, 2016, Simpson was found guilty following a jury trial in the Lucas County Court of Common Pleas on one count of rape and one count of compelling prostitution of an individual under the age of 16.  He was sentenced to prison terms of nine and six years, respectively, to be served consecutively.

Simpson objects to Judge Parker's quotation of one sentence from the Sixth District Court of Appeals' decision affirming Simpson's conviction: "While the DNA taken from a fabric sample and an anal swab indicated the presence of a male's DNA, there was insufficient genetic material to identify or exclude a particular source."  (Doc. No. 12 at 14 (quoting *State v. Simpson*, 2018-Ohio-328, 2018 WL 566334, at *2 (Ohio Ct. App. Jan. 26, 2018))).  Simpson argues this statement is incorrect because the DNA report issued by the Ohio Bureau of Criminal Investigation ("BCI") "clearly stated that Simpson was excluded as a possible contributor to the DNA sample from the anal swab."  (Doc. No. 14 at 2).

Simpson must demonstrate, by clear and convincing evidence, that the state court's factual findings were incorrect.  28 U.S.C. § 2254(e)(1).  A state court is in "a far better position than federal courts" to make findings of fact or credibility, because it hears the evidence and observes the witnesses in real time, and its conclusions are entitled to "'a high measure of deference.'"  *Johnson v. Genovese*, 924 F.3d 929, 939 (6th Cir. 2019) (quoting *Rushen v. Spain*, 464 U.S. 114, 120 (1983)).

Simpson's disagreement with the state court's statement does not establish that those findings were incorrect.  The Sixth District Court of Appeals referred to "a particular source" of the male DNA, not Simpson specifically.  Moreover, the BCI report excluded Simpson only as a major contributor to the DNA sample and reported no conclusion with regard to the possibility that Simpson could have been a minor contributor to the DNA sample recovered through the anal swab. (Doc. No. 14-1 at 2).

Therefore, I overrule Simpson's objection to Judge Parker's recitation of the factual and procedural history of this case.  I adopt those sections of the Report and Recommendation in full. (Doc. No. 12 at 2-7, 12-15).

### III.  STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).  Written objections "provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately' . . . [and] 'to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'"  *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting U*nited States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

### IV.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d).  "The prisoner bears the burden of rebutting the state court's factual findings 'by clear and convincing evidence.'"  *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C. § 2254(e)(1)).

Simpson presents the following grounds for relief:

**Ground One**:  Petitioner was denied his 6th Amendment right to effective assistance of counsel. Trial counsel allowed prosecutor and victim to tell jury that defendant hit victim with a baseball bat.

**Ground Two**:  The court instructed the jury that definition of 'coerce' did not include force. Defense counsel was ineffective for allowing this misdefinition to happen.

**Ground Three:**  Evidence insufficient to prove that defendant had either vaginal or anal sex with the victim on the day in question. Petitioner's 5th Amendment rights were violated.

**Ground Four:**  Ineffective assistance of appellate counsel: failure to cite the trial record.

**Ground Five:**  New evidence shows that state's witness Ms. Stewart was not truthful in her testimony.

(Doc. No. 1-1).

Judge Parker recommends I conclude that Grounds One, Two, Three, and Five have been procedurally defaulted and that Ground Four is meritless.  (Doc. No. 12 at 1).

## A.    PROCEDURAL DEFAULT

The procedural default rule bars a federal habeas petitioner's claims if (1) the state court declined to consider the merits of an issue because the habeas petitioner failed to comply with state procedural rules, or (2) if the petitioner failed to fully pursue a claim through the state's "ordinary appellate review procedures" and now no longer is able to raise the claim, unless the petitioner establishes cause for the default and resulting prejudice, or that a fundamental miscarriage of justice would occur if the claim is not reviewed.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999)).  The procedural default rule prohibits a habeas court from considering a federal claim if the last reasoned state court decision in the case "clearly and expressly states that [the decision] rests on a state procedural bar."  *Harris v. Reed*, 489 U.S. 255, 263 (1989) (citations and internal quotation marks omitted).

4

If a claim has been procedurally defaulted, federal habeas review of the claim is barred unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Judge Parker recommends I conclude Grounds One, Two, and Three are procedurally defaulted because Simpson failed to fairly present those claims by raising them through one full round of his direct appeal proceedings and because Ohio law no longer allows him to raise those claims. (Doc. No. 12 at 16-18, 26-27). Judge Parker furthers recommends I conclude Simpson has procedurally defaulted Ground Five by failing to raise that claim during his state postconviction proceedings. (*Id.* at 37-38). Finally, Judge Parker recommends I conclude Simpson has not demonstrated cause and prejudice to excuse his procedural default of Grounds One, Two, Three, and Five. (*Id.* at 17-18, 27-28, and 38-39).

Simpson did not object to or otherwise acknowledge Judge Parker's procedural-default recommendations. (*See* Doc. No. 14 at 2-5). He discusses only the alleged merits of his claims. The failure to file written objections to the Magistrate Judge's Report and Recommendation constitutes a waiver of a determination by the district court of an issue covered in the report. *Thomas v. Arn,* 728 F.2d 813 (6th Cir. 1984), *aff'd,* 474 U.S. 140 (1985); *see also United States v. Walters,* 638 F.2d 947, 950 (6th Cir. 1981); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) ("[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review").

I adopt Judge Parker's recommendation and conclude the procedural default doctrine bars federal habeas review of Simpson's first, second, third, and fifth grounds for relief because an independent and adequate state ground barred state-court review of his claims and Simpson failed to establish cause and prejudice to excuse his procedural default.

5

## B.  GROUND FOUR

Simpson's fourth ground for relief asserts his appellate attorney provided ineffective assistance.  He contends he would have prevailed on appeal if his attorney had properly cited to the trial court record.  (Doc. No. 1-1 at 6-7).

A habeas petitioner must show "his counsel's performance was deficient and that it prejudiced him" in order to prevail on an ineffective assistance of counsel claim.  *Nichols v. Heidle*, 725 F.3d 516, 539 (6th Cir. 2013) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  "Deficient performance means that 'counsel's representation fell below an objective standard of reasonableness[,]' [while p]rejudice means 'there is a reasonable probability that, but for counsel's unprofessional errors [i.e., deficient performance], the result of the proceeding would have been different.'"  *Nichols*, 725 F.3d at 539 (quoting *Strickland*, 466 U.S. at 688, 694)).

When asserting an ineffective-assistance claim in a habeas petition, the petitioner must show "the state court's rejection of that claim was 'contrary to, or involved an unreasonable application of' *Strickland*, or rested 'on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'"  *Nichols*, 725 F.3d at 540 (quoting 28 U.S.C. § 2254(d)).  Thus, the AEDPA mandates that a habeas court's review of the state court's ineffective-assistance analysis is "doubly deferential."  *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (citations omitted).

Judge Parker recommends I deny Simpson's fourth ground for relief because Simpson has not shown the state courts could not have reasonably concluded he was not prejudiced by his attorney's performance.  (Doc. No. 12 at 36-37).  Simpson objects to Judge Parker's recommendation, arguing he would have prevailed on his manifest-weight-of-the-evidence assignment of appeal if his appellate attorney had properly cited to the trial court record.  (Doc. No. 14 at 4-5).  Simpson's argument is not persuasive.

A petitioner's claim regarding the manifest weight of the evidence implicates a claim regarding the sufficiency of the evidence, even when the petitioner did not expressly argue sufficiency to the state courts, because "the determination by the Ohio Court of Appeals that the conviction was supported by the manifest weight of the evidence necessarily implies a finding that there was sufficient evidence." *Nash v. Eberlin*, 258 F. App'x 761, 765 (6th Cir. 2007).

"[E]vidence is sufficient to support a conviction if, 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Coleman v. Johnson*, 566 U.S. 650, 654 (2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original).  This "deferential" standard "leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors 'draw reasonable inferences from basic facts to ultimate facts.'" *Coleman*, 566 U.S. at 655 (quoting *Jackson*, 443 U.S. at 319).

Simpson's ineffective-assistance claim centers on his contention that the BCI's DNA report excluded him as a contributor of the male DNA collected through the anal swab.  He claims "[t]he Ohio Supreme Court, after being made aware that Simpson was excluded, would surely have recognized the merit of [S]impson's manifest weight claim."  (Doc. No. 14 at 4).

But the DNA report was not the only evidence of sexual conduct prohibited by Ohio Revised Code § 2907.02(A).  The victim testified at trial that Simpson had "forced her to have vaginal and anal sex." *State v. Simpson*, 2018 WL 566334 at *3.  The Sixth District Court of Appeals noted "[t]he vaginal sex was confirmed by DNA testing," and that it was the jury's role to weigh the victim's credibility. *Id.*

Thus, even if I assume appellate counsel's performance was constitutionally deficient, Simpson fails to show he was prejudiced by his appellate attorney's performance because, when viewed in the light most favorable to the prosecution, the record contains sufficient evidence for a

rational trier of fact to find all the essential elements of rape under § 2907.02(A)(2).  Therefore, I overrule Simpson's objection, adopt Judge Parker's recommendation, and dismiss Ground Four for lack of merit.

### C.    CERTIFICATE OF APPEALABILITY

A habeas corpus petitioner is not entitled to a certificate of appealability as a matter of right but must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The petitioner need not demonstrate he should prevail on the merits.  Rather, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  Simpson's petition has not met this standard.

For the reasons set forth in this decision, I certify there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

### V.    CONCLUSION

For the reasons stated above, I overrule Simpson's objections, (Doc. No. 14), to Judge Parker's Report and Recommendation, (Doc. No. 12), and adopt the Report and Recommendation in full.  I conclude Simpson's first, second, third, and fifth grounds for relief are procedurally defaulted and his fourth ground for relief lacks merit.

I also conclude Simpson fails to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(b)(2), and decline to issue a certificate of appealability.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

8